UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :       15 Cr. 288 (RMB)
            - against -                  :
                                         :       **DECISION & ORDER**
TROJAN HART,                             :
                                         :
            Defendant.                   :
------------------------------------------------------------x

Having reviewed the record herein, including without limitation: **(1)** Defendant Trojan Hart's motion, filed by defense counsel John Paul DeVerna and dated July 20, 2020, requesting "immediate, temporary compassionate release to home confinement . . . until the outbreak is contained" or, in the alternative, that the Court "approve Mr. Hart for bail pending his appeal." See Def. Mot. at 1, 3, 10. Hart, who is 45 years old, advises, among other things: that his medical conditions include hypertension, high blood pressure, prediabetes, heart murmurs, Graves' disease ("a precursor to hyperthyroidism"), and Vitamin D deficiency; and that his sister recently passed away from COVID-19. Id. at 1-3. Hart also claims that his "confinement puts him at severe risk . . . during the Pandemic" and that his prison facility, FCI Edgefield in South Carolina, is "failing to adequately care for the health and safety of its wards." Id. at 6; **(2)** the Government's opposition, dated July 31, 2020, contending that: "[b]ecause Hart's appeal of the merits of his sentencing is pending in the Second Circuit, the Court does not have jurisdiction to grant him the relief he seeks;" BOP "medical records show that Hart is receiving regular medical care and each of his conditions is in control;" Hart "poses a danger to the community" given that he was a "major supplier of crack cocaine and . . . heroin" to the so-called 213 Drug Trafficking Organization ("213 DTO") and "sustained 20 criminal convictions" prior to his arrest in this case; and that "the § 3553(a) factors do not support Hart's release." See Gov't Opp. at 2-8. The Government also contends that Hart's bail application should be denied because he has "failed to demonstrate that exceptional reasons exist for his release on bail pending appeal" and "cannot carry his burden of showing by clear and convincing

1

evidence that he is not a danger to the community" pursuant to 18 U.S.C. § 3143(b) and § 3145(c). Id. at 8-9. The Government submits Hart's BOP medical records as Exhibit A which reflect his physical examinations at FCI Edgefield between July 2019 and July 2020; **(3)** Hart's reply, dated August 7, 2020, contending that: "while, concededly, the Court was divested of jurisdiction because of Mr. Hart's pending appeal, the Court still has the authority to state that it would grant the motion if the Court of Appeals remands for that purpose or [] that the motion raises a substantial issue" pursuant to Federal Rule of Criminal Procedure 37(a); "Mr. Hart's medical conditions . . . place him at an exceptional risk" and "FCI Edgefield has reported 70 inmates and 23 staff members who have tested positive" for COVID-19; "Mr. Hart is no danger to the community;" and the "sentencing factors warrant Hart's release." See Def. Reply at 1-7; and **(4)** Hart's supplemental letter, dated October 21, 2020, advising that an inmate at FCI Edgefield passed away from COVID-19. See Oct. 21, 2020 Def. Ltr. at 1, **the Court hereby denies Hart's motion for compassionate release and for bail pending appeal, as follows:[1]**

I. **Background**

On February 13, 2017, following a two-week trial, Hart was found guilty by a jury of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and mixtures and substances containing a detectable amount of heroin in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A). See May 24, 2018 Sentencing Tr. at 3:15-19; Gov't Opp. at 2. Hart's Sentencing Guidelines range was 188 to 235 months; his criminal history category was V; and his offense level was 32. See May 24, 2018 Sentencing Tr. at 3:10-12. The Court sentenced Hart to 165 months' incarceration to be followed by 5 years supervised release. See May 24, 2018 Judgment. As of January 10, 2021, Hart has served 35% of his 165-month sentence. See Gov't Opp. at 7.

Hart, as noted, is incarcerated at FCI Edgefield in South Carolina which is described as a "medium-security federal correctional institution with an adjacent minimum-security satellite camp." See

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision and Order have been considered by the Court and rejected.**

FCI Edgefield, BOP, https://www.bop.gov/locations/institutions/edg/; see also Def. Mot. at 1. Hart is housed in the medium-security facility. See Gov't Opp. at 2.

As of January 10, 2021, Hart had served 58 months (just over 4.5 years) of his 165-month sentence. See Gov't Opp. at 7. He is scheduled to be released from prison on April 16, 2028. Id. at 2.

## II. Legal Standard

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *See United States v. Genovese*, 2020 WL 4004164, at *1 (S.D.N.Y. July 15, 2020) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Federal Rule of Criminal Procedure 37(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *See United States v. Skelos*, 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) (quoting Fed. R. Cr. P. 37(a)).

18 U.S.C. § 3582(c)(1)(A) provides in part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C. § 3582 "allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. § 3553(a) and finding that 'extraordinary and compelling reasons warrant such a reduction.'" *See United States v. Turnbull*, 2020 WL 5089439, at *1 (S.D.N.Y. Aug. 28, 2020); *see also United States v. Sturgis*, 2020 WL 7063359, at *3 (W.D.N.Y. Nov. 24, 2020).

United States Sentencing Commission policy statement U.S.S.G. § 1B1.13 provides that a court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant the reduction," "the

3

defendant is not a danger to the safety of any other person or to the community . . .," and "the reduction is consistent with this policy statement."

"[I]n deciding a compassionate release motion brought directly by a prisoner . . . [t]he court [] looks to § 1B1.13 for guidance in the exercise of its discretion." *United States v. Rodriguez*, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). However, "a district court's discretion in this area – as in all sentencing matters – is broad." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). District courts are "free[] . . . to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.*

"[B]ail pending appeal is only warranted where a defendant shows (1) by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) his appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process; and that (3) there are exceptional reasons why [his] detention would not be appropriate." *United States v. Bryant*, 2021 WL 22608, at *1 (S.D.N.Y. Jan. 4, 2021) (quoting 18 U.S.C. § 3143(b)(1) and 18 U.S.C. § 3145(c)) (internal citations and quotations omitted).

### III.  Findings

The Court's findings are as follows:

1. The Court lacks jurisdiction to resolve the instant motion in Hart's favor. On May 25, 2018, Hart appealed his conviction and sentence to the Second Circuit and that appeal is currently pending. See Gov't Opp. at 2. A "[d]efendant's pending appeal deprives this Court of jurisdiction to grant his motion for compassionate release." *See Skelos*, 2020 WL 2508739, at *1; *see also United States v. Martin*, 2020 WL 1819961 (S.D.N.Y. Apr. 10, 2020).

This includes Hart's request for "temporary" compassionate release "until the outbreak is contained." See Def. Mot. at 1. "18 U.S.C. § 3582 authorizes the court to reduce a term of imprisonment but not to release a prisoner temporarily from BOP custody." *See Lagan v. Edge*, 2020 WL 3403109, at *2 n.2 (E.D.N.Y. June 19, 2020); *see also United States v. Pereyra-Polanco*, 2020 WL 1862639, at *2 (S.D.N.Y. Apr. 14, 2020) ("Section 3582(c) [] does not grant the Court the authority to release [defendant] temporarily until the COVID-19 pandemic abates."); *United States v. Roberts*, 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020).

2. The Court may, however, deny Hart's motion for compassionate release on the merits pursuant to Federal Rule of Criminal Procedure 37(a). *See Skelos*, 2020 WL 2508739, at *1; *United States v. Martin*, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

3. Hart has exhausted his administrative remedies. *See United States v. Burman*, 2020 WL 3182766, at *2 (S.D.N.Y. June 13, 2020); *United States v. Gray*, 2020 WL 3050730, at *3 (S.D.N.Y. June 8, 2020). On May 26, 2020, Hart requested compassionate release from the BOP due to his medical condition. See Def. Mot. at 7. The Warden of FCI Edgefield denied Hart's request on June 23, 2020. Id. The Warden stated that Hart's "concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence." See Gov't Opp. at 2.

4. Hart's BOP medical records reflect that he has the following medical conditions: hypertension, high blood pressure, prediabetes, Graves' disease, and Vitamin D deficiency. See e.g. BOP Medical Records Ex. A at 16, 18, 89, 124. Hart is receiving prescription medications for his hypertension, Graves' disease, and Vitamin D deficiency. See Def. Mot. at 3; Gov't Opp. at 6; BOP Medical Records Ex. A at 98. The BOP medical records do not appear to reflect a heart murmur condition and, as the Government points out, on July 7, 2020 the defendant had a medical exam which appears to not have detected heart murmur. BOP Medical Records Ex. A at 3 ("[RRR] without murmur"); see also Gov't Opp. at 4 n.4.

5. The Centers for Disease Control (CDC) has designated hypertension as "associated with increased illness severity and adverse outcomes from COVID-19." *See United States v. Gotti*, 2020 WL 7706828, at *3 (S.D.N.Y. Dec. 29, 2020). The CDC has also designated high blood pressure as a condition that "lead[s] or may lead to an 'increased risk of severe illness from COVID-19." *See United States v. Vasquez*, 2020 WL 5038006, at *2 (S.D.N.Y. Aug. 26, 2020).

6. Graves' disease/hyperthyroidism, prediabetes, and Vitamin D deficiency do not appear to be medical conditions which create an increased risk of severe illness from COVID-19. See <u>People with Certain Medical Conditions</u>, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 29, 2020); *see also United States v. Valentine*, 2020 WL 7711691, at *1 (S.D.N.Y. Dec. 29, 2020) ("hyperthyroidism . . . [does not] appear[] on the list of conditions that the Centers for Disease Control has identified as causing increased risk for severe disease if one contracts COVID-19"); *United States v. Rivera*, 2020 WL 7188418, at *5 n.6 (D. Conn. Dec. 7, 2020) ("So far as I am aware, there is no medical link between hyperthyroidism and risk of severe illness from COVID-19"); *United States v. Mungin*, 2020 WL 2847927, at *3 (S.D.N.Y. June 2, 2020) ("The CDC [] does not list prediabetes as a risk factor for COVID-19"); *United States v. Walden*, 2020 WL 7870670, at *3 (S.D.N.Y. Dec. 31, 2020) ("With regard to . . . vitamin D deficiency . . . the CDC has not associated [it] with a greater risk of contracting or suffering complications from COVID-19").

7. As of January 10, 2021, there were 106 inmates at FCI Edgefield with active COVID-19 cases and one inmate death out of a population of 1,444 inmates. See <u>COVID-19: Coronavirus</u>, BOP, https://www.bop.gov/coronavirus/ (last visited Jan. 10, 2021).

IV. <u>Analysis</u>

The Court denies Hart's motion for compassionate release. Assuming, **without deciding**, that Hart's medical conditions combined with the conditions at FCI Edgefield constitute extraordinary and compelling circumstances pursuant to 18 U.S.C. § 3582, Hart's motion for compassionate release fails

because, among other things, (i) Hart poses a danger to the community; and (ii) the 18 U.S.C. § 3553(a) sentencing factors weigh against Hart's release.

The Court also denies Hart's request for bail pending appeal pursuant to 18 U.S.C. § 3143(b) because Hart has not shown by "clear and convincing evidence that he is not a danger to the safety of any other person or the community if released." See 18 U.S.C. § 3143(b).

**(1) Danger to the Community**

The Court finds that Hart poses a danger to the community based upon the instant crime and Hart's criminal history. This finding outweighs other arguments favoring early release or for releasing Hart on bail pending his appeal. *See United States v. Boyd*, 2021 WL 51409, at *2 (S.D.N.Y. Jan. 6, 2021); *United States v. Rodriguez*, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020); *United States v. Todd*, 2020 WL 1974219, at *2 (S.D.N.Y. Apr. 24, 2020). The Court's "dangerousness" finding is based upon a number of factors:

For one thing, the evidence at trial of this case established that, between 2011 and 2015, Hart was a supplier of crack cocaine and heroin to the so-called 213 DTO, based in the Bronx. See May 24, 2018 Sentencing Tr. at 3:20-4:25. The Government describes Hart as "one of the most senior suppliers" of crack cocaine and heroin to the 213 DTO. See Gov't Opp. at 7. Hart's Presentence Investigation Report describes the 213 DTO as having "controlled drug trafficking" in the Bronx "by threat of force." See May 24, 2018 Sentencing Tr. at 3:20-4:25. "The evidence at trial included numerous incidents of [reliance upon] firearms by members of the conspiracy, including multiple shootings." Id. And, according to the Government, "the 213 DTO's operations were a major source of crime and violence" in the Bronx, including "35 shootings, of which 22 were fatal, as well as over 500 reports of shots fired" between 2011 and 2016. See Gov't Opp. at 1.

Second, Hart appears to be a recidivist who has not been deterred from criminal behavior in the past. As the Government points out, Hart sustained 20 criminal convictions between 1996 and his arrest in this case in April 2016. See Gov't Opp. at 7. At sentencing, the Court described Hart's "lengthy criminal

7

history" which included convictions for assault, attempted assault, criminal possession of stolen property, criminal sale of a controlled substance, attempted auto stripping, perjury, and obstruction of governmental administration. See May 24, 2018 Sentencing Tr. at 5:18-6:12; Presentence Investigation Report at 14-20.

In *United States v. Mazyck*, 2020 WL 5517540, at *6 (S.D.N.Y. Sept. 12, 2020), the court denied compassionate release to a defendant for reasons comparable to those present in Hart's case. The court stated: "Even if [defendant] had demonstrated that he is at risk [from COVID-19], he has not met his burden of demonstrating that his release would not present a danger to the community . . . [Defendant] distributed large quantities of crack cocaine and heroin in . . . the Bronx. Arrests, convictions, periods of incarceration, and parole were not sufficient to deter him from returning to drug trafficking. Given [defendant's] record, this Court cannot find that the four and a half years [defendant] has served are sufficient to deter him from returning to drug trafficking." *Mazyck*, 2020 WL 5517540, at *6; *see also United States v. Batista*, 2020 WL 3249233, at *3 (S.D.N.Y. June 16, 2020).

The Court is also troubled by the fact that Hart has been sanctioned six times by the BOP since being arrested in this case in April 2016. See Gov't Opp. at 2. Hart's violations include: "possessing a non-hazardous tool" in October 2016; "refusing to obey an order" in November 2018; "possession of [a] cell phone he had hidden in [his] rectum" in November 2018; "being insolent to staff member" in December 2019; "interfering with taking count" in February 2020; and "disruptive conduct" in May 2020. See BOP Chronological Disciplinary Record Ex. B.

### (2) The 18 U.S.C. 3553(a) Factors Weigh Against Granting Compassionate Release

Compassionate release in this case would be inconsistent with and contrary to the goals of sentencing, which include the need "to reflect the seriousness of the offense, to promote respect for the law,[] to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, [and] to protect the public from further crimes of the defendant." *See United States v. Harris*, 2020 WL 5801051, at *3 (S.D.N.Y. Sept. 29, 2020); see also May 24, 2018 Sentencing Tr. at 34:22-35:7.

For one thing, Hart's conviction and sentence were the result of his role as a significant supplier of crack cocaine and heroin to a violent Bronx drug gang, the 213 DTO. See May 24, 2018 Sentencing Tr. at 3:20-4:25. Hart's drug conspiracy conviction was a "serious one." Id. at 34:16-17. Releasing Hart now, after having served only 35% of his 165-month sentence, would fail to reflect the seriousness of Hart's offense and would not provide just punishment for the offense. *See United States v. Mojica*, 2020 WL 6746478, at *2 (S.D.N.Y. Nov. 16, 2020) ("release a third of the way into Defendant's sentence . . . would not sufficiently address the nature and seriousness of the offense, including his [] return to significant drug dealing").

Second, Hart has 20 criminal convictions, culminating in his conviction in this case. See Gov't Opp. at 7. Releasing Hart now would not promote respect for the law nor would it afford Hart adequate specific or general deterrence to criminal conduct. *See Mazyck*, 2020 WL 5517540, at *6 (where the court stated: "[defendant] worked day in and day out to make sure that the DTO successfully distributed large quantities of deadly narcotics to the Fordham [Bronx] community . . . Releasing him now would not 'promote respect for the law' or 'afford adequate deterrence to criminal conduct'"); *Batista*, 2020 WL 3249233, at *3; *Mojica*, 2020 WL 6746478, at *2.

Third, a sentence reduction of the magnitude requested here would not sufficiently protect the public from further crimes of Hart. *See Mazyck*, 2020 WL 5517540, at *6; *Batista*, 2020 WL 3249233, at *3; *Mojica*, 2020 WL 6746478, at *2; *see also* discussion at pp. 7-8, *supra*.

At the same time, the Court acknowledges and commends Mr. Hart's efforts at utilizing the resources available to him in prison, including participation in the Residential Drug Abuse Program, GED classes, and classes for stress and anger management. See Def. Mot. at 8. The Court strongly encourages Mr. Hart to continue to pursue these programs and other programs that would aid in his rehabilitation. *See United States v. Carter*, 2020 WL 3051357, at *3 n.7 (S.D.N.Y. June 8, 2020).

## V. Conclusion & Order

For the reasons set forth above, Defendant's motion for compassionate release or, in the alternative, bail pending appeal [Dck. #1060] is denied. The Government's request [Dck. #1074] to file Exhibit A (BOP medical records) under seal is granted. *United States v. Daugerdas*, 2020 WL 2097653, at *3 n.2 (S.D.N.Y. May 1, 2020).


Dated: New York, New York
       January 10, 2021

_____
**RICHARD M. BERMAN, U.S.D.J.**